MCGREGOR W. SCOTT
United States Attorney
MATTHEW G. MORRIS
MICHAEL D. ANDERSON
Assistant United States Attorneys
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 2:08-CR-093-KJM |
|---|---|
| Plaintiff, | ORDER RE: RECIPIENTS OF RESTITUTION |
| v. | |
| CHARLES C. HEAD et al., | |
| Defendants. | |

The Court has ordered numerous defendants in cases 2:08-cr-093-KJM and 2:08-cr-116-KJM to pay restitution to various victims. The office of the Clerk of the Court has since informed the government that payment of restitution to all victims cannot begin until the Court resolves discrepancies in the way that victims' names were spelled across various restitution orders. The Clerk's office also believes that all of the restitution orders must be uniform in either awarding the restitution to a husband and wife jointly, or to just one spouse.

Accordingly, the government has contacted the victims as discussed below or conducted additional public record research as necessary to clarify the spelling of names and to determine how the victims want the restitution orders to account for husband / wife compensation. The government will identify victims by initials in this pleading and in the proposed order, and will submit a proposed exhibit (Attachment 1) with full spelling of the victims' names under seal, along with appropriate public notices of the government's Request to Seal Exhibit 1 so that the victims' full names will not appear on the

public docket.

Neither this proposed order nor the proposed attachment to the order change any of the amounts that have previously been ordered to be paid to any victim(s). The proposed order and the attachment only clarify the correct spelling of certain victims' names, and reflect how certain husband and wife victims would like their joint restitution to be paid.

1. J. A. and B. M.

The United States has attempted to contact J. A. and B. M. by their last known phone number. One such number is disconnected. The government left a voicemail message at the other number, but there has been no response. The United States sent a letter to the last known address and has not received a reply.

Public records indicate that B. A. and J. A. are now divorced, and that B. M. is now using a different last name, as was reflected in some of the restitution requests that she sent during the later portion of the case. Public records from their former state of residence also suggest that the documents recovered from the Head businesses misspelled B. A.'s last name, which has been corrected on Exhibit 1.

2. R. B. and L. B.

The United States has attempted to contact R. B. and L. B. by their last known phone number. That number is "disconnected." The United States does not have a current address or email address for R. B. and L. B.

However, public records indicate that R. B. and L. B. jointly deeded the home in question to Justin Wiley, and the government therefor believes that joint restitution to both R. B. and L. B. is appropriate.

3. S. C. and R. C.

The United States spoke with S. C. She confirmed that both parties would prefer that any restitution be made payable jointly to both spouses.

4. V. D. and C. D.

The United States has attempted to contact V. D. and C. D. by their last known phone number. That number "cannot be completed as dialed." The United States sent a letter to the last known address

ORDER RE: RESTITUTION

and has not received a reply.

Public records indicate that V. D. and C. D. jointly owned the property in question at the time that the equity was removed, and the government therefor believes that joint restitution to both V. D. and C. D. is appropriate.

5. R. E. and E. E.

Public records indicate both R. E. and E. E. are deceased. Attempts to contact a relative were unsuccessful. The deed used to take the equity from R. E. and E. E. lists both of them, therefor the government believes that the restitution should be paid jointly to them or their estates.

6. F. H. and D. H.

The United States spoke with D. H. She confirmed that both parties would prefer that the restitution be made payable jointly to both spouses.

7. R. L. and G. L.

The United States spoke with G. L. She confirmed that both parties would prefer that the restitution be made payable jointly to both spouses.

8. J. M. and M. M.

The United States spoke with M. M. She confirmed the proper spelling of both parties' names, and confirmed that both parties would prefer that the restitution be made payable jointly to both spouses.

9. R. M. and K. M.

The United States spoke to K. M. She clarified the correct spelling of R. M.'s first name, and confirmed that both parties would prefer that the restitution be made payable jointly to both spouses.

10. B. T. and S. T.

The United States spoke with both B. T. and S. T. Although both stated that they will be satisfied if a single check is made payable to both former spouses, both also expressed a preference that any restitution check be divided equally between them and that each former spouse receive a separate check at their own respective address.

11. M. T. and I. T.

The United States spoke with M. T. She confirmed that both parties would prefer that the restitution be made payable jointly to both spouses.

ORDER RE: RESTITUTION                    3

12. J. W. and D. W.

The United States spoke with D. W.  She clarified the correct spelling of the victims' last name, and confirmed that both parties would prefer that the restitution be made payable jointly to both spouses.

In light of the information above, the government requests that the Court issue the attached proposed order to provide uniform spelling of the victims' names, and to clarify that the clerk shall issue restitution payments jointly to the named spouses as applicable.

Dated:  May 17, 2018 				McGREGOR W. SCOTT
					United States Attorney

					By: /s/ MATTHEW G. MORRIS
					    MATTHEW G. MORRIS
					    MICHAEL D. ANDERSON
					    Assistant United States Attorneys

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>CHARLES C. HEAD et al.,<br><br>　　　　　　　　　Defendants. | CASE NO. 2:08-CR-093-KJM<br><br>ORDER RE: RECIPIENTS OF RESTITUTION |

The Court ORDERS that:

Restitution previously ordered to "J. A. and B. A." or "J. A. and B. M." be paid by the clerk of the court to "J. A. and B. M." jointly, as set out in Attachment 1.

Restitution previously ordered to "R. B." or "R. B. and L. B." be paid by the clerk of the court to "R. B. and L. B." jointly, as set out in Attachment 1.

Restitution previously ordered to "S. C." or "S. C. and R. C." be paid by the clerk of the court to "S. C. and R. C." jointly, as set out in Attachment 1.

Restitution previously ordered to "V. D." or "V. D. and C. D." be paid by the clerk of the court to "V. D. and C. D." jointly, as set out in Attachment 1.

Restitution previously ordered to "R. E." or "R. E. and E. E." be paid by the clerk of the court to "R. E. and E. E." jointly, or to their respective estates, as set out in Attachment 1.

Restitution previously ordered to "F. H." or "F. H. and D. H." be paid by the clerk of the court to "F. H. and D. H." jointly, as set out in Attachment 1.

Restitution previously ordered to "R. L." or "R. L. and G. L." be paid by the clerk of the court to "R. L. and G. L." jointly, as set out in Attachment 1.

Restitution previously ordered to "J. M. and L. M." or "J. M. and M. M." be paid by the clerk of the court to "J. M. and L. M." jointly, as set out in Attachment 1.

Restitution previously ordered to "R. M." or "R. M. and K. M." be paid by the clerk of the court to "R. M. and K. M." jointly, as set out in Attachment 1.

1  Restitution previously ordered to "B. T. and S. T." be paid in equal shares by the clerk of the
2  court to "B. T." and "S. T." separately, as set out in Attachment 1.
3  Restitution previously ordered to "M. T." or "M. T. and I. T." be paid by the clerk of the court to
4  "M. T. and I. T." jointly, as set out in Attachment 1.
5  Restitution previously ordered to "J. W." or "J. W. and D. W." be paid by the clerk of the court
6  to "J. W. and D. W." jointly, as set out in Attachment 1.
7  DATED:  June 11, 2018.

_____
UNITED STATES DISTRICT JUDGE

ORDER RE: RESTITUTION                          6